IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

(1) THE HANOVER INSURANCE COMPANY, )
and (2) MASSACHUSETTS BAY )
INSURANCE COMPANY, )
)
                Plaintiffs, )
)
-vs- )  No. _____
)
(1) OKLAHOMA HEART, INC., )
(2) OKLAHOMA HEART INSTITUTE, )  **07CV 061 CVE-FHM**
INC., (3) WAYNE LEIMBACH, )
(4) ELLEN CHEN, (5) GEORGE S. )
COHLMIA and (6) CARDIOVASCULAR )
SURGICAL SPECIALISTS CORP., )
)
                Defendants. )

FILED JAN 25 2007 Phil Lombardi, Clerk U.S. DISTRICT COURT

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiffs, The Hanover Insurance Company ("Hanover") and Massachusetts Bay Insurance Company ("MassBay"), for their Complaint for Declaratory Judgment against the above named Defendants, allege and state as follows:

**JURISDICTION, VENUE AND PARTIES**

1.   Hanover is a foreign insurance company with its principal place of business in Massachusetts. Hanover is incorporated in the State of New Hampshire. Hanover is licensed to conduct business as an insurer in the State of Oklahoma.

2.   MassBay is an foreign insurance company with its principal place of business in Massachusetts. MassBay is incorporated in the State of New Hampshire. MassBay is licensed to conduct business as an insurer in the State of Oklahoma.

3.   Oklahoma Heart, Inc. ("OHI") is an Oklahoma corporation, with its principal place of business in Tulsa, Oklahoma.

4.   Oklahoma Heart Institute, Inc. is an Oklahoma



corporation, which, to the extent that it has any place of business, is located in Tulsa, Oklahoma.

5. Wayne M. Leimbach is a resident of the State of Oklahoma and resides in a county that is within the federal northern judicial district of Oklahoma.

6. Ellen Chen is an individual who, upon information and belief, resides and is domiciled in Ohio.

7. George S. Cohlmia is an individual who resides and is domiciled in the State of Oklahoma.

8. Cardiovascular Surgical Specialists Corp. is an Oklahoma corporation with its principal place of business in Tulsa or Tahlequah, Oklahoma.

9. The Plaintiffs are filing this suit to seek a declaration whether they owe liability coverage, either for defense or indemnity to Oklahoma Heart, Inc., Oklahoma Heart Institute, Inc., Wayne Leimbach, and Ellen Chen for claims being asserted against those parties by George S. Cohlmia and Cardiovascular Surgical Specialists Corp. (hereafter collectively referred to as "the Claimants") in Case No. 05-CV-0384-JHP-PJC ("the Lawsuit"). The Claimants filed and are currently prosecuting the Lawsuit in the United States District Court for the Northern District of Oklahoma.

10. The events giving rise to this lawsuit occurred in Tulsa County, Oklahoma, and venue is proper in this Court.

11. This Court has jurisdiction over the subject matter of the claims in this action, pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship, and the amount in controversy,

exclusive of interest and costs, exceeds $75,000.00.

12.   In the Lawsuit, Mr. Cohlmia and Cardiovascular Surgical Specialists Corp. (hereafter collectively referred to as "the Claimants"), seek actual and punitive damages in an amount totaling more than $75,000.00. The liability limits for each involved insurance policy exceed $75,000.00.

13.   This Court has jurisdiction to enter a declaratory judgment in this matter pursuant to 28 U.S.C. § 2201, et seq. As is fully set forth below, there currently exists an actual case in controversy between the parties.

### GENERAL ALLEGATIONS

14.   From March 10, 2001 to March 10, 2003, OHI was the named insured for MassBay Policy No. ZBT5524386, which was a commercial general liability insurance policy. That coverage was provided in annual policy terms. While in force, Policy No. ZBT5524386 provided liability coverage limits of $1 million per occurrence and $2 million in aggregate.

15.   From March 10, 2003 to the present, OHI was the named insured for Policy No. ZHT5524386, which also was a commercial general liability policy. That coverage was and is provided in annual policy terms. The liability limits for Policy No. ZBT5524386 have been and are $1 million per occurrence and $2 million in aggregate.

16.   From March 2002 to the present, OHI has been the named insured for Hanover Policy No. UHT6314410, which was an umbrella liability policy. That policy also had annual terms. For most

policy periods, Policy No. UHT6314410 provided liability limits of $2 million (per occurrence and in aggregate). For the March 2004 to March 2005 policy period, Policy No. UHT6314410 provided liability limits of $4 million, per occurrence and in aggregate.

17. On July 7, 2005, the Claimants filed the Lawsuit, naming OHI, Oklahoma Heart Institute, Inc., Ellen Chen and Dr. Leimbach as defendants. With the exception of Dr. Chen, the Claimants served process on the defendants in the Lawsuit.

18. The Claimants' current allegations in the Lawsuit are set forth in a Second Amended Complaint, which was filed on October 10, 2006.

19. After the filing of the Lawsuit, OHI, Oklahoma Heart Institute, Inc., and Dr. Leimbach notified Hanover and MassBay of the Lawsuit and requested that Hanover and MassBay provide coverage to them under one or more of the insurance policies identified above. Hanover and/or MassBay, along with another insurer for the those persons, have provided a defense to Dr. Leimbach, OHI and Oklahoma Heart Institute, Inc.

20. MassBay and Hanover have been providing that defense under a full reservation of rights to deny coverage. Hanover and MassBay sent reservation of rights letters to OHI, Oklahoma Heart Institute, Inc., Dr. Leimbach and Dr. Chen fully reserving MassBay's and Hanover's rights to deny coverage, both for defense and indemnity, for all claims asserted by the Claimants in the Lawsuit.

21. None of the subject policies that MassBay or Hanover

issued to OHI provide liability coverage to OHI, Oklahoma Heart Institute, Inc., Dr. Leimbach or Dr. Chen for the claims being asserted against them in the Lawsuit.

### CLAIM FOR RELIEF - REQUEST FOR DECLARATORY JUDGMENT

22. MassBay and Hanover adopt and incorporate by reference all of the preceding paragraphs.

23. This claim for relief states a cause of action for declaratory judgment pursuant to 28 U.S.C. § 2201, et seq.

24. There currently exists between the parties an actual controversy regarding whether, or to what extent, MassBay and/or Hanover owe a duty to indemnify OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen for the claims that are asserted against them in the Lawsuit. Hanover and MassBay do not provide coverage to OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen, for the following reasons:

   a. some of those persons are not insured;
   b. the claims asserted in the Lawsuit do not fall within the scope of coverage provided by the policies' insuring clause;
   c. to the extent that any claims fall within any policy's insuring clause, policy exclusions apply to bar coverage;
   d. the claims asserted against those persons in the Lawsuit are excluded from coverage; and
   e. the claims do not arise from accidents or occurrences that happened at a time within a particular policy coverage period.

25. The Claimants, George S. Cohlmia and Cardiovascular Surgical Specialists Corp., are necessary, interested parties to this insurance coverage dispute, because they ultimately could contend that MassBay or Hanover provides coverage for a judgment that they may obtain against OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen in the Lawsuit.

26. The Court should declare that neither MassBay nor Hanover are obligated to provide indemnity to OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen for the claims that the Claimants assert against those parties in the Lawsuit.

27. In the alternative, the Court should determine and declare the total amount of liability coverage that MassBay or Hanover provides to OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen for any of the Claimants' claims that are asserted against those parties in the Lawsuit.

WHEREFORE, premises considered, Massachusetts Bay Insurance Company and Hanover Insurance Company pray that the court grant the following relief:

(a) Enter an Order declaring that neither MassBay nor Hanover are required to provide indemnity to Oklahoma Heart, Inc., Oklahoma Heart Institute, Inc., Ellen Chen or Wayne Leimbach for any claims asserted in Case No. 05-CV-0384, which is currently pending in this Court, and enjoin all Defendants from making any further claim under the subject insurance policies.

(b) Alternatively, enter an Order declaring the total amount

of liability coverage that MassBay or Hanover provides to OHI, Oklahoma Heart Institute, Inc., Wayne Leimbach or Ellen Chen for any of the Claimants' claims that are asserted against those parties in the Lawsuit; and

(c) Grant Massachusetts Bay Insurance Company and Hanover Insurance Company all costs allowed by law, including a reasonable attorney fee pursuant to 36 O.S. § 3629, and grant such further relief that this Court deems just and equitable.

Respectfully submitted,

KING, TAYLOR & RYAN, P.C.

By _____
SCOTT RYAN - OBA #14397
NEIL D. VAN DALSEM - OBA #16326
Suite 850 Boulder Towers
1437 S. Boulder Ave.
Tulsa, OK  74119-3640
(918) 749-5566

JURY TRIAL DEMANDED

b1c                               7